# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1496

_____

Alice Allen,                                *

                                     *

            Appellant,            *

                                     *    Appeal from the United States

    v.                             *    District Court for the

                                     *    Eastern District of Missouri.

Donald H. Rumsfeld, Secretary,    *      [UNPUBLISHED]

Department of Defense,            *

                                     *

            Appellee.             *

_____

Submitted: June 26, 2003

Filed: July 29, 2003

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Alice Allen brought this action against her employer, claiming that she was denied a promotion because of her race and in retaliation for prior complaints of discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The district court[1] granted the Secretary's motion for summary judgment. Allen appeals. We affirm.

_____

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

Allen, an African-American woman, is employed as a cartographer by the National Imagery and Mapping Agency, a division of the Department of Defense. Allen applied for a promotion to Pay Band 4 in June 2001. Her application, along with the 300-plus other similar applications received that year, was referred to a panel composed of male and female employees of diverse racial backgrounds. The panel evaluated each applicant against defined benchmarks in several skill areas. Each applicant was directed to draft "Skill Narratives" describing his or her accomplishments in each area. The panelists rating each applicant received materials that had been purged of identifying information, and no panelist saw any applicant's complete application package. Of the 309 applicants for promotion, Allen's score was ranked 302. The fifty-six highest-scoring applicants were promoted to the next higher pay band. Following the denial of her application, Allen filed this action, alleging that she was not promoted due to discrimination based upon race and in retaliation for making prior complaints of discrimination.

Because Allen presented no direct evidence of race discrimination, our de novo review of the district court's summary judgment order is under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). Under the McDonnel Douglas framework, the plaintiff must first establish a prima facie case of intentional discrimination. Id. at 802. Only if the plaintiff does so does the burden shift to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. Id. at 802-04. Once such a reason is given, the burden shifts back to the plaintiff to demonstrate that the articulated reason is a pretext. Id. at 804. To establish a prima facie case, Allen must show, among other things, that she was qualified for the promotion. Lockridge v. Bd. of Trustees of the Univ. of Ark., 294 F.3d 1010, 1014 (8th Cir. 2002). Allen's low scores on the skills narrative evaluation preclude her from establishing a prima facie case because they indicate that she was not as qualified as the fifty-six employees who were promoted.

Allen contends that her low scores were the result of discrimination, either because the panelists who rated her skill narratives determined her race due to the activities discussed in them or because the defendant practiced discrimination by limiting racial minorities' participation in activities that lead to achievement of higher scores. The record is clear, however, that participation in relevant activities was not race-specific and that the individuals rating the skill narratives had no information regarding the race, color, or national origin of the applicants. Furthermore, there was no evidence to support Allen's claim that the persons who rated her application were able to determine her identity and then to retaliate against her for prior complaints of discrimination. Finally, as the district court noted, Allen's argument that the declining numbers of African-Americans receiving promotions is evidence that she was discriminated in this case is unavailing. See Cardenas v. AT & T, Corp., 245 F.3d 994, 1000-01 (8th Cir. 2001) (rejecting evidence that employer's practices had disparate impact on minority population because such evidence cannot establish that the individual plaintiff was himself subject to disparate treatment because of his race or national origin). Allen's remaining contentions are without merit.

The motions to supplement the record are denied. The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-